IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MARCO S. RAINE**                                                  **PETITIONER**

**V.**                                          **CIVIL ACTION NO. 2:11cv182-KS-MTP**

**BRUCE PEARSON,[1] Warden**                                   **RESPONDENT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is Marco S. Raine's *pro se* Petition [1][2] for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Having considered the petition, the answer, the documents made a part of the record of this case, and the applicable law, and being thus fully advised in the premises, the undersigned finds that Petitioner did not exhaust all available administrative remedies prior to filing this action. Accordingly, the undersigned recommends that the Petition [1] be DISMISSED.

### Background

Petitioner Marco S. Raine is in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution ("FCI") in Yazoo City, Mississippi. [26-10].[3] He is serving an aggregate 54-month sentence for a violation of supervised release and a two-count indictment for bank fraud and making or possessing a counterfeit check. [1-4] at 1-3. Raine's expected release from federal custody is May 6, 2015, via good conduct time release. [26-1] at 2.

---

[1] Effective October 31, 2011, Archie Longley became the acting Warden and is therefore the proper respondent.

[2] For ease of reference, the documents are cited to herein by reference to the court docket number and docket page number in the federal court record.

[3] *See* BOP database, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited 7/25/13).

The initial Petition [1] in this matter was filed on September 7, 2011.[4] Raine alleged he belonged in federal custody and was being wrongfully held in the state prison at the time. [1] at 4-8.[5] On September 30, 2011, Raine filed a Motion to Amend the Petition [10], challenging the calculation of his federal sentence. Raine claims he is entitled to credit against his federal sentence for the time he spent in state custody from July 18, 2008,[6] to September 6, 2011. [10] at 2-3. Further, Raine claims he is entitled to credit for the time between January 7, 2008, and June 13, 2008, alleging he was technically a pre-trial detainee in federal custody at the time. *Id.* at 4. On November 15, 2011, the Court granted Raine's motion and deemed it as the amended petition. [15].

A brief chronology of the Petitioner's criminal history provides perspective and context. The record reflects that Raine's criminal history began on or about July 18, 2002, with a 15-year sentence in Pearl River County, Mississippi, for uttering a forgery. [26-5] at 2. On July 11, 2006, Raine pled guilty to one count of bank fraud in the United States District Court for the Southern District of Alabama. On November 8, 2006, he was sentenced to a term of twelve months and one day imprisonment as well as five years supervised release. *United States v. Raine*, No. 1:06-cr-45-WS (S.D. Ala. Nov. 8, 2006) (*Raine I*). On October 3, 2007, the district court issued a warrant for Raine's arrest. [1-2].

On March 9, 2007, Raine was released by the BOP on supervised release to a detainer in Louisiana. [26-2] at 2. On June 11, 2007, he was relocated to authorities in Jackson County, Mississippi. The next day, he was transferred to authorities in Harrison County, Mississippi. *Id.*

---

[4]Though filed by the Court on September 7, 2011, Petitioner's handwritten petition is dated August 12, 2011. [1] at 9.

[5]This contention is now moot as Raine was delivered to federal custody after the completion of his state sentence in Mississippi. *See* [26-10].

[6]Although the initial Motion to Amend Petition [10] requested credit from July 18, 2008, to September 6, 2011, in the Traverse [33], Petitioner requested credit for June 13, 2008, to September 6, 2011.

at 3. On September 11, 2007, Raine was arrested in Harrison County for a felony bad check offense. *Id.* at 3. He was released on bond the following day. On September 25, 2007, he was arrested in Harrison County for uttering a forgery and bad check as well as on a Louisiana warrant for stalking and petty larceny. On December 4, 2007, he was released to Jackson County to face charges there.[7] He was transferred back to Harrison County on December 5, 2007. *Id.*

While in state custody, Raine was indicted by the Southern District of Alabama a second time for attempt to commit bank fraud and possession of a counterfeit security check. *See United States v. Raine,* No. 1:07-cr-405 (S.D. Ala. filed Dec. 26, 2007) (*Raine II*). A warrant was issued for his arrest and was later executed on January 7, 2008, at which time he was transported from Harrison County, Mississippi, to a federal facility in Alabama.[8]

On January 16, 2008, an initial appearance was held in *Raine I* concerning revocation of the Petitioner's supervised release. On February 19, 2008, Raine pled guilty to both charges in the *Raine II* indictment (attempted bank fraud and possession of a counterfeit check). On June 13, 2008, the Petitioner's supervised release was revoked in *Raine I* and he was sentenced to 24 months imprisonment. [26-2] at 3. Also on June 13, 2008, Raine was sentenced to 30 months imprisonment for each count in the *Raine II* indictment and to 5 years supervised release. The Petitioner was ordered to serve the sentence in *Raine II* consecutive to that in *Raine I* (for a total of 54 months, plus 5 years supervised release). *Id.*

While in federal custody, Raine was charged with felony bad check in the Circuit Court for the First Judicial District of Harrison County, Mississippi. In that regard, the state court issued a writ of habeas corpus *ad prosequendum* on July 14, 2008, to transport Raine to

---

[7]On December 5, 2007, Raine was sentenced to a term of one year and one month in Jackson County, Mississippi, for worthless checks. [26-2] at 3. However, this conviction was vacated on September 14, 2011. *Id.* at 4.

[8]According to the record, Raine was held by the Harrison County, Mississippi, Sheriff's Office from December 5, 2007, to January 7, 2008, for the United States Marshal's Service. [26-2] at 3.

3

Mississippi for a trial on the charge. [1-5]. The writ provided that Raine was to be returned to federal custody upon completion of the state court proceedings. *Id.* On July 18, 2008, Raine was transferred to state custody to stand trial, which was initially set for July 28, 2008, but was continued to October 9, 2008. [1-6] at 1. He pled guilty to seven counts of felony bad check in the Harrison County Circuit Court. On October 27, 2008, Raine was sentenced to nine years in the custody of the MDOC. *Id.*

The Petitioner remained in state custody following his trial and sentencing in Harrison County. The record reflects that on January 4, 2010, Rankin County Circuit Court sentenced Raine to four years imprisonment for uttering a forgery. [26-5] at 2; [26-2] at 4. The Rankin County Court ordered that the sentence run consecutive to his prior sentence in Harrison County. *Id.*

While in the custody of the MDOC, Raine filed a state court petition for writ of habeas corpus alleging that he was being unlawfully confined in state custody although he was supposed to return to federal custody after the proceedings in Harrison County Circuit Court. *See* [1-6]. On January 12, 2010, the Harrison County Circuit Court ordered that Raine be returned to federal custody to complete his federal sentence. In addition, the state court ordered that a detainer be placed on Raine until completion of his federal sentence, at which time he should be returned to the MDOC to serve the remainder of his state sentence. *Id.*

Despite the trial court's order, the Petitioner remained in state custody. Therefore, he filed a petition for writ of mandamus in the Mississippi Supreme Court, asking that the trial court be compelled to enforce its prior order transferring him to federal custody. [1-7]. The Mississippi Supreme Court denied his petition on May 26, 2010, stating that it "has been informed by the trial court that federal authorities have declined to reclaim custody of Raine." [1-7]. Raine petitioned the state supreme court a second time for a writ of mandamus. On May 10, 2011, the court denied his petition, stating again that "federal authorities have declined to reclaim custody of Raine." [1-8]. At the time Raine filed his petition in this Court, he was in state custody. He

4

was moved to federal custody after being released to the U.S. Marshal's Service on September 6, 2011. [26-10] at 2.

Respondent contends that the instant petition should be denied because (1) Raine failed to exhaust his administrative remedies, which deprives this Court of jurisdiction to review his petition; and (2) that the BOP has accurately calculated Raine's federal sentence. [26] at 6-10. In support of its contention, Respondent submits a sworn declaration from a BOP Correctional Program Specialist who works in the area of inmate sentencing computations. [26-2]. According to the declarant, the time requested by Raine in the petition has already been credited to his Mississippi state sentence. *Id.* at 4.

On February 21, 2013, Raine filed a Traverse [33][9] in which he responded to the claims regarding exhaustion and the federal sentence calculation. Raine claims, but offers no proof, that he fully or timely exhausted his claims to the BOP through the administrative process for review. [33] at 3. He further contends that even if he does not meet the qualifications for exhaustion, his failure should be excused because exceptions to the exhaustion requirement apply. *Id.* In regards to Respondent's position that the BOP's calculation of the sentence was proper, Raine argues that the calculation relies on using the "correct" sentence commencement date, on which the two parties disagree.[10] *Id.* at 4-5.

## Analysis

Because Fifth Circuit precedent requires exhaustion of administrative remedies prior to filing a § 2241 petition, Raine's claim in his Amended Petition challenging his sentence

---

[9]This Traverse [33] is the only part of the record in which Petitioner addresses the particular defenses raised by Respondent.

[10]Raine argues that his federal sentence commenced on June 13, 2008, when he was sentenced, while the Respondent claims the sentence commenced on September 6, 2011, when Raine was taken into federal custody. [33] at 5; [26-10].

5

calculation should be dismissed.[11]

Although a federal prisoner may properly use a § 2241 petition to "attack[] the manner in which a sentence is carried out or the prison authorities' determination of its duration,"[12] use of that authority does not avoid the requirement to exhaust his administrative remedies. *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994). Raine is correct in his assertion that the exhaustion requirements of the Prison Litigation Reform Act do not apply to his § 2241 petition; however, the judicially-created exhaustion requirement *does* apply to his petition. *See Mayberry v. Pettiford,* 74 F. App'x 299, 299 (5th Cir. 2003) (recognizing application of the judicially-created exhaustion requirement to § 2241 petitions).

The Fifth Circuit has consistently recognized that the exhaustion of administrative remedies is required for § 2241 petitions seeking credit on a petitioner's sentence. *See McMahon v. Fleming*, 145 F. App'x 887, 888 (5th Cir. 2005) (affirming dismissal of § 2241 petition, in which petitioner claimed that the BOP did not properly calculate good time credit, based on the petitioner's failure to exhaust administrative remedies); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) ("Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons"). The Administrative Remedy Program ("ARP") which must be exhausted prior to filing an action is codified in 28 C.F.R. § 542.10 *et seq*. Prisoners seeking relief must follow the specific timelines provided by the ARP. 28 C.F.R. § 542.14(a). A complaint must generally be made within 20 days of the incident. *Id.* The procedure further provides an appeal process and states that the final administrative appeal, upon which the administrative procedure would be exhausted, is an appeal to the Office of General Counsel. 28 C.F.R. § 542.15(a). Raine, as

---

[11]The Court has already held that the Petitioner's original Petition, wherein he sought transfer to a federal facility, is moot. *See* Order [17].

[12] *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000); *see also Warren v. Miles,* 230 F.3d 688, 694 (5th Cir. 2000).

described below, did not fully exhaust the administrative remedies available to him prior to filing this action.

Raine authored his original petition in this action on August 12, 2011, which was filed with the Court on September 7, 2011. [1]. Petitioner sought an amendment on September 27, 2011, to specifically claim a right to credit against his federal sentence. [10]. Prior to filing this amendment, Raine was released on parole on September 6, 2011, from the Mississippi Department of Corrections ("MDOC") to the federal custody of the U.S. Marshal's Service. [26-10]. Joshua C. Billings, a supervisory attorney for the FCI in Yazoo City, gave a sworn statement that Raine first filed for administrative remedy on November 25, 2011, over two months *after* he filed the initial petition and just under two months after he filed the amended petition (well over the 20-day requirement as set forth in 28 C.F.R. 542.14(a)). [26-13] at 3. Raine's request for administrative remedy was denied on December 5, 2011, and Raine never appealed the decision, as he was required to do in order to exhaust his claims. [26-14]; [26-13] at 3. Based on the judicially-created exhaustion requirement for § 2241 claims, Raine should have appealed the denial and followed the process to the end before filing the petition in this Court.

Petitioner submits that he did not complete the ARP until February 11, 2013, several weeks after the response in this action was filed. [33] at 3. Thus, Raine concedes that the amended petition at issue was filed well over a year before he allegedly completed the administrative process. Raine contends that the delay was only because the ARP was unavailable to him as a "federal prisoner, but in state custody." [33] at 3. In Petitioner's Traverse [33], he alleges he was unable to pursue the ARP process because he was not being detained at a federal facility. *Id.* at 3.

Although there is disagreement between the parties regarding when the federal sentence "commenced," Raine entered federal custody on September 6, 2011, and was placed in FCI Yazoo City. The ARP or grievance process would have been available to him at that time. [26-10]. Although the initial petition [1] was filed while he was still in state custody, the amended

7

petition adding the request for sentence credit was filed *after* he entered the federal facility, and *before* he attempted to resolve the matter through the ARP.

Raine claims that even if the Court found he has not exhausted all available administrative remedies, exceptions to this requirement would apply in his situation. [33] at 3. While there are exceptions to the exhaustion requirement which may be appropriate "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action[,]" such exceptions "apply only in 'extraordinary circumstances.'" *Fuller*, 11 F.3d at 62 (affirming dismissal of a challenge to parole commission decision for petitioner's failure to exhaust). Raine contends that the BOP grievance procedure was unavailable to him when he originally filed his petition in this Court. [33] at 3. As addressed above, the BOP grievance procedure was available to him at the very latest on September 6, 2011, when he entered detainment at a federal facility. This transfer took place before he amended his petition to assert a claim for sentence credit.

Raine further claims that exhaustion would be futile in his case. [33] at 3. Having claimed futility, Raine bears the burden of demonstrating such extraordinary circumstances as would warrant waiver of the exhaustion requirement. *See Mayberry*, 74 F. App'x at 299 (citing *Fuller*, 11 F.3d at 62). Raine argues that it would be a waste of time and judicial resources to require him to begin the § 2241 process all over again because he would be entitled to immediate release if his requested sentence "commencement" date was adopted by the Court. [33] at 3-4. Petitioner's sentence calculation involves far more than just determining when his federal sentence "commenced." Careful analysis of all relevant considerations in the administrative process is, and should be, required before the Court is asked to intervene.

Raine fails to show that he exhausted his administrative remedies prior to filing his petition, as amended, in this Court. Additionally, he has not met his burden of demonstrating extraordinary circumstances that would warrant a waiver of the exhaustion requirement for his

8

§ 2241 petition.

## Recommendation

For the reasons stated above, it is the recommendation of the undersigned that Raine's petition for Writ of Habeas Corpus be dismissed for failure to exhaust his administrative remedies.

## Notice of Right to Object

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1)(c) (extending the time to file objections to fourteen days).

THIS, the 8th day of August, 2013.

s/ Michael T. Parker<br>
United States Magistrate Judge