IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MARCO S. RAINE

VS.                                                                CIVIL ACTION NO. 2:11cv182-KS-MTP

BRUCE PEARSON, Warden

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING PETITION WITHOUT PREJUDICE, ETC.

This cause is before the Court on Petition [1] of Marco S. Raine filed pursuant to 28 U.S.C. § 2241 . Magistrate Judge Michael T. Parker has filed a Report and Recommendation herein [36] and Petitioner has objected to the Report and Recommendation [37]. The Government noted that it would not respond [38]. The Court has considered the record herein, together with the above described documents and does hereby find as follows, to-wit:

1. BACKGROUND

Petitioner Marco S. Raine is in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution ("FCI") in Yazoo City, Mississippi. [26-10].[1] He is serving an aggregate 54-month sentence for a violation of supervised release and a two-count indictment for bank fraud and making or possessing a counterfeit check. [1-4] at 1-3. Raine's expected release from federal custody is May 6, 2015, via good conduct time release. [26-1] at 2.

The initial Petition [1] in this matter was filed on September 7, 2011.[2] Raine alleged he

---

[1] *See* BOP database, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited 7/25/13).

[2] Though filed by the Court on September 7, 2011, Petitioner's handwritten petition is dated August 12, 2011. [1] at 9.

belonged in federal custody and was being wrongfully held in the state prison at the time. [1] at 4-8.³ On September 30, 2011, Raine filed a Motion to Amend the Petition [10], challenging the calculation of his federal sentence. Raine claims he is entitled to credit against his federal sentence for the time he spent in state custody from July 18, 2008,⁴ to September 6, 2011. [10] at 2-3. Further, Raine claims he is entitled to credit for the time between January 7, 2008, and June 13, 2008, alleging he was technically a pre-trial detainee in federal custody at the time. *Id.* at 4. On November 15, 2011, the Court granted Raine's motion and deemed it as the amended petition. [15].

A brief chronology of the Petitioner's criminal history provides perspective and context. The record reflects that Raine's criminal history began on or about July 18, 2002, with a 15-year sentence in Pearl River County, Mississippi, for uttering a forgery. [26-5] at 2. On July 11, 2006, Raine pled guilty to one count of bank fraud in the United States District Court for the Southern District of Alabama. On November 8, 2006, he was sentenced to a term of twelve months and one day imprisonment as well as five years supervised release. *United States v. Raine*, No. 1:06-cr-45-WS (S.D. Ala. Nov. 8, 2006) (*Raine I*). On October 3, 2007, the district court issued a warrant for Raine's arrest. [1-2].

On March 9, 2007, Raine was released by the BOP on supervised release to a detainer in Louisiana. [26-2] at 2. On June 11, 2007, he was relocated to authorities in Jackson County, Mississippi. The next day, he was transferred to authorities in Harrison County, Mississippi. *Id.*

---

³This contention is now moot as Raine was delivered to federal custody after the completion of his state sentence in Mississippi. *See* [26-10].

⁴Although the initial Motion to Amend Petition [10] requested credit from July 18, 2008, to September 6, 2011, in the Traverse [33], Petitioner requested credit for June 13, 2008, to September 6, 2011.

at 3. On September 11, 2007, Raine was arrested in Harrison County for a felony bad check offense. *Id.* at 3. He was released on bond the following day. On September 25, 2007, he was arrested in Harrison County for uttering a forgery and bad check as well as on a Louisiana warrant for stalking and petty larceny. On December 4, 2007, he was released to Jackson County to face charges there.[5] He was transferred back to Harrison County on December 5, 2007. *Id.*

While in state custody, Raine was indicted by the Southern District of Alabama a second time for attempt to commit bank fraud and possession of a counterfeit security check. *See United States v. Raine,* No. 1:07-cr-405 (S.D. Ala. filed Dec. 26, 2007) (*Raine II*). A warrant was issued for his arrest and was later executed on January 7, 2008, at which time he was transported from Harrison County, Mississippi, to a federal facility in Alabama.[6]

On January 16, 2008, an initial appearance was held in *Raine I* concerning revocation of the Petitioner's supervised release. On February 19, 2008, Raine pled guilty to both charges in the *Raine II* indictment (attempted bank fraud and possession of a counterfeit check). On June 13, 2008, the Petitioner's supervised release was revoked in *Raine I* and he was sentenced to 24 months imprisonment. [26-2] at 3. Also on June 13, 2008, Raine was sentenced to 30 months imprisonment for each count in the *Raine II* indictment and to 5 years supervised release. The Petitioner was ordered to serve the sentence in *Raine II* consecutive to that in *Raine I* (for a total of 54 months, plus 5 years supervised release). *Id.*

While in federal custody, Raine was charged with felony bad check in the Circuit Court

---

[5] On December 5, 2007, Raine was sentenced to a term of one year and one month in Jackson County, Mississippi, for worthless checks. [26-2] at 3. However, this conviction was vacated on September 14, 2011. *Id.* at 4.

[6] According to the record, Raine was held by the Harrison County, Mississippi, Sheriff's Office from December 5, 2007, to January 7, 2008, for the United States Marshal's Service. [26-2] at 3.

for the First Judicial District of Harrison County, Mississippi. In that regard, the state court issued a writ of habeas corpus *ad prosequendum* on July 14, 2008, to transport Raine to Mississippi for a trial on the charge. [1-5]. The writ provided that Raine was to be returned to federal custody upon completion of the state court proceedings. *Id.* On July 18, 2008, Raine was transferred to state custody to stand trial, which was initially set for July 28, 2008, but was continued to October 9, 2008. [1-6] at 1. He pled guilty to seven counts of felony bad check in the Harrison County Circuit Court. On October 27, 2008, Raine was sentenced to nine years in the custody of the MDOC. *Id.*

The Petitioner remained in state custody following his trial and sentencing in Harrison County. The record reflects that on January 4, 2010, Rankin County Circuit Court sentenced Raine to four years imprisonment for uttering a forgery. [26-5] at 2; [26-2] at 4. The Rankin County Court ordered that the sentence run consecutive to his prior sentence in Harrison County. *Id.*

While in the custody of the MDOC, Raine filed a state court petition for writ of habeas corpus alleging that he was being unlawfully confined in state custody although he was supposed to return to federal custody after the proceedings in Harrison County Circuit Court. *See* [1-6]. On January 12, 2010, the Harrison County Circuit Court ordered that Raine be returned to federal custody to complete his federal sentence. In addition, the state court ordered that a detainer be placed on Raine until completion of his federal sentence, at which time he should be returned to the MDOC to serve the remainder of his state sentence. *Id.*

Despite the trial court's order, the Petitioner remained in state custody. Therefore, he filed a petition for writ of mandamus in the Mississippi Supreme Court, asking that the trial court be compelled to enforce its prior order transferring him to federal custody. [1-7]. The Mississippi

Supreme Court denied his petition on May 26, 2010, stating that it "has been informed by the trial court that federal authorities have declined to reclaim custody of Raine." [1-7]. Raine petitioned the state supreme court a second time for a writ of mandamus. On May 10, 2011, the court denied his petition, stating again that "federal authorities have declined to reclaim custody of Raine." [1-8]. At the time Raine filed his petition in this Court, he was in state custody. He was moved to federal custody after being released to the U.S. Marshal's Service on September 6, 2011. [26-10] at 2.

Respondent contends that the instant petition should be denied because (1) Raine failed to exhaust his administrative remedies, which deprives this Court of jurisdiction to review his petition; and (2) that the BOP has accurately calculated Raine's federal sentence. [26] at 6-10. In support of its contention, Respondent submits a sworn declaration from a BOP Correctional Program Specialist who works in the area of inmate sentencing computations. [26-2]. According to the declarant, the time requested by Raine in the petition has already been credited to his Mississippi state sentence. *Id.* at 4.

On February 21, 2013, Raine filed a Traverse [33][7] in which he responded to the claims regarding exhaustion and the federal sentence calculation. Raine claims, but offers no proof, that he fully or timely exhausted his claims to the BOP through the administrative process for review. [33] at 3. He further contends that even if he does not meet the qualifications for exhaustion, his failure should be excused because exceptions to the exhaustion requirement apply. *Id.* In regards to Respondent's position that the BOP's calculation of the sentence was proper, Raine argues that the calculation relies on using the "correct" sentence commencement date, on which the two

---

[7]This Traverse [33] is the only part of the record in which Petitioner addresses the particular defenses raised by Respondent.

parties disagree.[8] *Id.* at 4-5.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The facts of this case are not substantially in dispute.  Petitioner claims that he is entitled to get credit toward his federal custody obligation for a period that he was serving in state custody.  The transfers back and forth between state and federal custody in this case are somewhat unusual.  First, Mr. Raine was in federal custody serving an aggregate 54 month sentence.  However, during the fulfillment of that sentence Raine was transferred to the Circuit Court for the First Judicial District of Harrison County, Mississippi.  His transfer was made by virtue of a writ of habeas corpus *ad prosequendum* and occurred on July 14, 2008.  The writ

---

[8] Raine argues that his federal sentence commenced on June 13, 2008, when he was sentenced, while the Respondent claims the sentence commenced on September 6, 2011, when Raine was taken into federal custody. [33] at 5; [26-10].

provided that Raine was to be returned to federal custody upon completion of the state proceedings.

Following a guilty plea in Harrison County Circuit Court, Raine was sentenced to nine years in custody of the MDOC and remained in state custody until September 6, 2011.  As a result of the writ of habeas corpus *ad prosequendum* stating that he was to be returned to federal custody after the court proceedings, Raine claims that since he was not returned to federal custody but was instead placed in state custody that he should get credit for the time served in state custody toward fulfillment of his federal sentence.  The parties disagree on the credit that Raine is entitled to.

The crux of this Petition is that Raine claims he should get double credit, getting credit both for the time served in state custody and federal custody.  However, Judge Parker in his Report and Recommendation bases his findings on the fact that the Petition was improperly brought because of failure to exhaust.  There is no dispute over the dates nor the fact that Raine had failed to exhaust at the time he filed his Petition.  In fact, the completion of the exhaustion of his administrative remedy procedure did not occur until February 11, 2013. [37] page 6.  It is clear from the record that Raine did not complete his exhaustion until long after his Petition was filed.  He claims that since he was not in federal custody at the time he filed the Petition that he could not have exhausted his administrative remedy procedures.  Indeed, when he did finally make it to federal custody, he was slow to exhaust his administrative remedies.  The findings of the Report and Recommendation relative to applicable law and the facts of this case are correct.  Raine had not exhausted and therefore the Petition was not timely filed and should be dismissed.  The arguments relative to impossibility and futility are not well taken.

The Court has also reviewed the documents submitted by Petitioner as Exhibits B-1 and

B-2 to his Objections. Based on the applicable statutes he is not entitled to double credit and even if his Petition was timely filed, he is not entitled to relief herein.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Raine's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Marco S. Raine's claim is **dismissed without prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the 11th day of September, 2013.

*S/ Keith Starrett*
UNITED STATES DISTRICT JUDGE